**GUNNEBO LIFTING A.B.**

v.

**Einar VETTERLEIN.**

Civ. No. 5–91–299 (WWE).

United States District Court,
D. Connecticut.

Nov. 13, 1992.

Joel Z. Green, Green & Gross, P.C., Bridgeport, CT, for plaintiff.

Alan I. Saltzman, Scott S. Centrella, Diserio, Martin, O'Connor & Castiglioni, Stamford, CT, for defendant.

## RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

Defendant Einar Vetterlein brings this motion to dismiss on the grounds of forum non conveniens. For the reasons set forth below, the motion to dismiss will be granted.

### Facts

Plaintiff Gunnebo Lifting A.B. ("Gunnebo") is a Swedish corporation with its principal place of business in Gunnebo, Sweden. In January 1989 Gunnebo entered into a contract under which Vetterlein obtained the exclusive right to sell lifting equipment and related hardware in the United States. The contract was executed in Sweden, is written in Swedish, and calls for application of Swedish law.

In October 1990, a dispute arose concerning compensation and commissions owed to defendant and payments owed to plaintiff under the contract. Vetterlein subsequently retained counsel in Sweden to negotiate the contract dispute. The correspondence between Vetterlein and Gunnebo concerning the contract is written in Swedish, and many of the witnesses reside in Sweden and do not speak English. Thus, Vetterlein has made several trips to Sweden in connection with the ongoing negotiations.

In March 1991, Vetterlein moved to Connecticut. Plaintiff brought the instant action in June 1991 for breach of contract, despite the pending negotiations in Sweden and despite the fact that none of the witnesses reside in Connecticut and none of the relevant actions regarding the contract took place in Connecticut.

### Discussion

Dismissal on the basis of forum non conveniens is appropriate "where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 248, 102 S.Ct. 252, 262, 70 L.Ed.2d 419 (1981). In determining whether to dismiss a complaint on forum non conveniens grounds, a number of factors that encompass the interests of the litigants, the court, and the public must be considered. These factors include: (1) the availability of an alternative forum, (2) the ease of access to sources of proof, (3) the availability of compulsory process for attendance of unwilling witnesses, (4) the costs of obtaining attendance of willing witnesses, (5) the administrative difficulties flowing from court congestion, (6) the local interest in having localized controversies decided at home, (7) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action, and (8) the avoidance of unnecessary problems in conflict with laws or in the application of foreign laws. *Id.* at 241 n. 6, 102 S.Ct. at 258 n. 6; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–08, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1947).

After careful review, it is clear that the motion to dismiss should be granted. Plaintiff has an alternative forum available in Sweden, where its claim is currently being addressed by Swedish attorneys. Although sales agreements executed between Vetterlein and third party United States buyers are located in the United States, information concerning the contract at issue and the contract itself are located in Sweden. While it is true that some of plaintiff's witnesses are the third party buyers who are located in the United States, most of the relevant witnesses are located in Sweden and speak Swedish. Further, public interest factors weigh in favor of dismissal of this imported controversy. Many of the relevant documents are in Swedish and will have to be interpreted, and many of the witnesses will require an interpreter.

In addition, Sweden has greater interest in this dispute than does the United States since Swedish law applies and the contract dispute is currently being negotiated in Sweden. There is no allegation by either party that these negotiations are unfair or less able to address the contract dispute.

Plaintiff relies on *Manu Intern., S.A. v. Avon Products, Inc.*, to oppose defendant's motion to dismiss. 641 F.2d 62 (2d Cir.1981). *Manu*, however, can be distinguished from the instant case. In *Manu* the New York defendant sought to litigate in Taiwan, despite the facts that plaintiff was from Belgium, many of the documents were executed in London and written in English, and many of the witnesses spoke English. The court held that although New York had little interest in the case, Taiwan had no greater interest in resolution of the dispute. *Id.* at 67. Defendant in this case is seeking to litigate the case in Sweden, plaintiff's home state, whose law governs the contract, where negotiations regarding this dispute are pending, and where many of the documents and witnesses are located. In addition, Sweden has a greater interest than the United States in this dispute, because Swedish attorneys familiar with Swedish law currently are engaged in settlement negotiations in Sweden; and a resolution of this case in a Swedish forum is imminent. Thus, *Manu* does not support plaintiff's position.

## Conclusion

For the reasons set forth above, the Motion to Dismiss [9–1] is GRANTED.